JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Jane Doe

### DEFENDANTS
Pharr Police Chief, Ruben Villescas, Pharr Police Officer, Erasmo Mata, City of Pharr, Pharr Police Department

(b) County of Residence of First Listed Plaintiff: **Hidalgo**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Hidalgo**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Richard Alamia
113 S. 10th Ave.
Edinburg, TX 78539
956-381-5766

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C 1983
Brief description of cause:
A person under the age of 18 was sexually assault by a police officer

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____ DOCKET NUMBER _____

DATE: 05/12/2014
SIGNATURE OF ATTORNEY OF RECORD: *Richard A....*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN, TEXAS

| | | |
|---|---|---|
| JANE DOE | § | CASE NO. |
| VS. | § | |
| PHARR POLICE CHIEF, RUBEN VILLESCAS, PHARR POLICE OFFICER, ERASMO MATA, CITY OF PHARR, TEXAS PHARR POLICE DEPARTMENT | § | |

### PLAINTIFF'S ORIGINAL PETITION

NOW COMES JANE DOE, through her attorney of record, Richard Alamia, and files Plaintiff's Original Petition and will show the Court the following:

### JURISDICTION, VENUE, AND CAUSE OF ACTION

1. This Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. 1331.

2. This Court has jurisdiction over Plaintiff's civil rights extended by the United States Government under 28 U.S.C. 1343 (a) (1) (2) (3) and (4).

3. Venue is proper in this district pursuant to 28 U.S.C 1391.

4. Plaintiff brings this action pursuant to 42 U.S.C. 1983 to redress this derivation, under color of state law, of rights secured by the Constitution of the United States.

5. This Court has jurisdiction over Plaintiff's claims under 42 U.S.C. 1985(3).

6. This Court has jurisdiction over Plaintiff's claims under 42 U.S.C. 1986.

7. This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367 in that they arise out of a common nucleus of operative fact with federal claims.

## PARTIES

8. The City of Pharr, this entity can be served at City Attorney Mike Pruneda, 118 S. Cage Blvd. Pharr, TX. 78577.

9. The Pharr Police Department can be served at 1900 S. Cage Blvd. Pharr, TX. 78577.

10. Ruben Villescas, Individually and he can be served at 1900 S. Cage Blvd., TX. 78577.

11. Erasmo Mata, Individually can be served at 1900 S. Cage Blvd. Pharr, TX. 78577.

## BACKGROUND

12. Most of the factual allegations herein relating to the counts below took place within the City of Pharr from July 2013 through October 15th, 2013.

13. Pharr Police Officer, Erasmo Mata sexually assaulted Jane Doe, a person under the age of 18, on 5 different occasions during Mr. Mata's working hours.

14. Other Pharr Police Officers, would stand watch, while the sexual assault was being committed on Jane Doe.

15. A complaint was filed with the Pharr Police Department and an internal investigation took place.

16. The investigation revealed that everything Jane Doe was alleging was true and correct.

17. The Chief of Police, Ruben Villescas, told the family, not to hire an attorney, and that he would take care of the matter.

18. Nothing was ever done to any of the officers, they were eventually terminated, but no criminal charges were brought against them.

19. The Law Office of Richard Alamia, contacted the Texas Rangers, and they started there own investigation.

20. The Rangers' investigation, revealed that the allegations made by Jane Doe, are true and correct.

21. The evidence has been turned over to the Hidalgo County District Attorney's Office.

22. As of 05/02/2014, no charges have been filed against any of the Defendant's in this case.

## COUNT 1: VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C.1983

23. Jane Doe, by reference incorporates all preceding paragraphs.

24. Jane Doe alleges that the PHARR POLICE DEPARTMENT, and the City of PHARR acted in concert in their actions, (or the lack thereof) in their official capacities, and individual capacities, to deny Jane Doe due process, equal protection, and the privileges and immunities of citizenship.

25. Said acts and omissions were the result of implementation of the policies of the Pharr Police Department and the City of Pharr.

26. The Pharr Police Department is a municipal law enforcement agency in the State of Texas, which employs sworn law enforcement personnel, who are given arrest authority and who have taken an oath to uphold the laws of the Texas Constitution and the laws

under the United States Constitution.

27. It is imperative for law enforcement to immediately assist any victim of a sexual assault and the collection of any physical evidence from the crime scene and from the victim of the sexual assault.

28. The Pharr Police Department had a duty to immediately send law enforcement personnel to the crime scene located within the City of Pharr, to investigate and collect any evidence of the sexual assault.

A. CRIME SCENE. Law enforcement should process the crime scene systematically for evidence to identify suspects, establish the occurrences of the crime, and verify or dispute statements of witnesses, victims, or suspects.

B. The Pharr Police Department personnel should have collected any/all items at various locations, having possible evidentiary value such as bedding, clothing, body fluids, etc.

29. The Pharr Police Department had a duty to immediately send law enforcement personnel to the hospital to obtain a statement from the victim of the sexual assault and establish the initial chain of custody by taking possession of the sexual assault evidence collection kit.

30. The Pharr Police Department has a duty to immediately store, preserve, and turn in the rape kit in a timely manner.

31. The Pharr Police Department acted with malice by not protecting Jane Doe to protect the interests of their associates.

32. The Pharr Police Department intentionally withheld information and documentation to prevent a prosecution of their associates, the perpetrators.

33. The Pharr Police Department implicitly and/or explicitly adopted and implemented

careless and reckless policies, customs, or practices, that include, among other violations, a policy for conducting rape cases that is an unconstitutional practice of government actors, and denies individuals equal protection of the laws, privileges and immunities under the laws.

34. The Pharr Police Department has adopted a policy of refusing to remove conflicted police officers and refuses to effectuate a special investigative team when required.

35. The Pharr Police Department has adopted a policy of permitting its officers to protect individuals who commit crimes with whom they are connected to in an effort to shield such individuals from prosecution.

36. The Pharr Police Department has adopted a policy of permitting its officers to intentionally manipulate evidence and withhold documentation in an effort to protect individuals who commit crimes with whom are connected to in an effort to shield such individuals from prosecution.

37. The Pharr Police Department has adopted a policy of intentionally withholding information in a probably cause affidavit, including, pictures, medical reports, and tapes of suspects.

38. The Pharr Police Department has adopted a policy of failing to secure protect and protect all information, documentation, and evidence in a rape investigation, such as a rape kit, medical records, victim advocates' statements, taped statements.

39. It is paramount the chain of custody be initiated and maintained after the collection of evidence by the health care personnel conducting the medical examination of the victim and law enforcement personnel of the Pharr Police Department.

40. Concealing, tampering or withholding evidence violates the Constitution or laws of the United States and therefore deprives plaintiff's civil rights.

**COUNT II: VIOLATION OF CIVIL RIGHTS PURSUAN TO TITLE 42 U.S.C 1985(3)**

Jane Doe, by reference incorporates all preceding paragraphs.

41. Jane Doe contends that the Pharr Police Department, and the City of Pharr acted in concert in their individual and official capacities to deny Jane Doe due process, equal protection, and the privileges and immunities of citizenship; and that all that acts and omissions were the result of implementation of the policies of the Pharr Police Department and the City of Pharr.

**COUNT III: VIOLATION OF CIVIL RIGHTS PURSUANT TO TITLE 42 U.S.C 1986**

Jane Doe, by reference incorporates all preceding paragraphs.

42. Jane Doe contends that the Pharr Police Department and the City of Pharr acted in concert in their official and individual capacities, to deny Jane Doe due process, equal protection, and the privileges and immunities of citizenship; and that all that acts and omissions were the result of implementation of the policies of the Pharr Police Department and the City of Pharr.

43. On many occasions, Officers would meet Plaintiff at an abandoned house and engage in sexual activity, while other Pharr Police Officers would stand guard and watch to make sure, no one was around.

### COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Jane Doe, by reference incorporates all preceding paragraphs.

44. The Pharr Police Officers intentionally inflicted emotional distress on various occasions at the abandoned homes or other locations, throughout Pharr.

### COUNT V: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Jane Doe, by reference incorporates all preceding paragraphs.

45. Pharr Police Officers negligently inflicted emotional distress on different occasions. The Officers engaged in conduct which intentionally and recklessly cause Jane Doe severe emotional trauma and duress of a serious nature and of a kind and extent normally expected to occur in a reasonable person under these same circumstances.

### COUNT VI: CONSPIRACY

Jane Doe, by reference incorporates all preceding paragraphs.

46. The Pharr Police Officer, along with the chief of police, conspired to keep a lid on this issue and would not do an internal investigation against the other officers involved. When the parents found out about their daughter engaging in sexual intercourse with another officer, they went to the police to file a complaint and nothing was ever done.

### COUNT VII: NEGLIGENCE

Jane Doe, by reference incorporates all preceding paragraphs.

47. The Defendants owed a duty to Jane Doe to refrain from the sexual assault.

48. The Pharr Police Department owed a duty to Jane Doe to control their employees, or agents of their employees, to conduct an investigation in a fair manner.

49. The City of Pharr owes a duty to Jane Doe and its citizens to properly train its police officers.

50. Defendants' breach proximately caused Jane Doe's injury.

51. Upon information and belief, Mata was terminated, at least in part, due to his misconduct in this case.

52. Upon information and belief, the other two officers were also terminated, at least in part, due to their misconduct in this case.

53. Upon inform and belief, the Chief of Police for the City of Pharr has repeatedly approached the family of Jane Doe and told them not to talk about this case, and not to hire an attorney, in reference to this case.

### COUNT VIII: INTIMIDATION

Jane Doe, by reference incorporates all preceding paragraphs.

54. Upon information and belief, the Chief of Police, for the City of Pharr has repeatedly approached the family of Jan Doe and has told them not to hire an attorney or talk about this case.

55. Such denials further demonstrate the animus and intentional misconduct in this case and that such misconduct in intentional and exceeds mere negligence.

56. As such, the City of Pharr, the Pharr Police Department, the Chief for the Pharr Police Department are responsible for any and all damages cause by these wrongful acts and/or omissions.

### COUNT IX: FRAUD

Jane Doe, by reference incorporates all preceding paragraphs.

57. An internal investigation was done by the Pharr Police Department and all of the

allegations by Jane Doe, were true and correct. No one was arrested, or no criminal complaints filed.

58. As such the City of Pharr and the Pharr Police Department along with the chief of the department are responsible for any and all damages caused by these wrongful acts and/or omissions.

## COUNT X: CONSTRUCTIVE FRUAD

Jane Doe, by reference incorporates all preceding paragraphs.

59. The Pharr Police Department was obligated to deal fairly with Jane Doe because a special relationship existed, that of a police officer and a citizen.

60. Such denials further demonstrate the animus and intentional misconduct in this case and that such misconduct is intentional and exceeds mere negligence.

61. As such the City of Pharr, the Pharr Police Department are responsible for any and all damages caused by these wrongful acts and/or omissions.

## PRAYER

Wherefore, Jane Doe respectfully requests this Court to:

A. Enter judgment in favor of Jane Doe on all counts of the complaint against Defendants, unless otherwise indicated;

B. Award Jane Doe compensatory and punitive damages, including for pre and post judgment interest.

C. Award Jane Doe any and all litigation costs, expert fees, reasonable attorney's fees, and any and all other fees as deemed appropriate.

D. Require the Pharr Police Department and the City of Pharr to modify their policies to

ensure future protection of Jane Doe and similarly situated individuals;

E. Order a special investigation of this incident;

F. Award Jane Doe such other and further relief as this Court deems just under the circumstances.

## DEMAND FOR JURY TRIAL

62. Jane Doe demands a trial by jury on all issues so triable.

Respectfully Submitted,

/s/Richard Alamia

Richard Alamia
113 S. 10th Ave.
Edinburg, TX. 78539
956-381-5766
956-381-5774
Federal Id: 1913
State Bar #: 00964200

## VERIFICATION

I AFFIRM, UNDER THE PENALITIES FOR PERJURY, THAT THE FOREGOING REPRESENTATIONS ARE TRUE TO THE BEST OF MY KNOWLEDGE AND BELIEF.

/s/Jane Doe