IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JANE DOE AND § | | |
| ADAN AND MARIA JALOMO § | | |
|    Plaintiff § | | |
| § | | |
| § | | |
| VS § | C.A. NO. 7:14-CV-00285 | |
| § | | |
| § | | |
| PHARR POLICE CHIEF RUBEN § | | |
| VILLESCAS, PHARR POLICE § | | |
| OFFICER ERASMO MATA, § | | |
| CITY OF PHARR, TEXAS, AND § | | |
| AND PHARR POLICE DEPARTMENT § | | |
|    Defendants § | | |

**DEFENDANT CITY OF PHARR, TEXAS', CITY OF PHARR
POLICE DEPARTMENT AND POLICE CHIEF RUBEN VILLESCAS'
MOTION FOR SEVERANCE**
================================================================

MAY IT PLEASE THE COURT:

    NOW COMES DEFENDANTS, the CITY OF PHARR, TEXAS, the CITY OF PHARR POLICE DEPARTMENT, and PHARR POLICE CHIEF RUBEN VILLESCAS, Individually and Officially (collectively "CITY DEFENDANTS") and file this Motion for Severance pursuant to Rule 21 of the Federal Rules of Civil Procedure.

### I.    BACKGROUND

    City Defendants filed a motion to dismiss all claims and this court granted that motion in its entirety on August 13, 2014. Specifically, this court dismissed with prejudice all intentional tort claims against both the City of Pharr and Chief Villescas Individually. With regard to all remaining claims, this court generously detailed the deficiencies of Plaintiffs' allegations and granted dismissal without prejudice to Plaintiffs' right to seek leave to amend. (Doc. 31).

    On August 25, 2014, Plaintiffs filed a motion for leave to amend attaching with their motion a proposed Third Amended Petition. (Doc. 32). On September 15, 2014, City Defendants filed a Motion in Opposition to this request based on failure to cure deficiencies and futility. Specifically, Plaintiffs did not fix the deficiencies in their last petition as outlined by this court.

Instead they attempted to re-plead claims which this court has already dismissed with prejudice and continued to argue points of law on which this court had already ruled. (Doc. 33).

By virtue of this court's order signed on August 13, 2014, City Defendants have been dismissed from this lawsuit. Because there is a co-defendant in this case who was not part of the dismissal, City Defendants move to sever all claims between the Plaintiffs and City Defendants from the underlying lawsuit, so that the controversy between the Plaintiffs and City Defendants shall be treated as final for all purposes.

## II.     ARGUMENT AND AUTHORITIES

Defendant hereby files this Motion for Severance pursuant to Federal Rule of Civil Procedure 21. A severance creates two suits out of one. *Allied Elevator, Inc. v. East Tex. State Bank*, 965 F.2d 34, 36 (5th Cir. 1992). If a claim is severed out of a suit, it proceeds as a discrete, independent suit with its own pleadings, discovery, trial, judgment and appeal. *Id.* Federal Rule of Civil Procedure 21 provides that "[a]ny claim against a party may be severed and proceeded with separately." Fed.R.Civ.P. 21. "Any party may move to strike [a] third-party claim, or for its severance or separate trial." Fed.R.Civ.P. 14(a). Where the parties should be tried separately in the interest of justice, or the claims are distinct and separable, they can be severed. *American Fidelity Fire Ins. Co. v. Construction Werl., Inc.,* 407 F.Supp. 164, 189–90 (D.Vi.1975). Under Rules 20 and 21, the district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice. *Applewhite v. Reichhold Chemicals, Inc.,* 67 F.3d 571, 574 (5th Cir. 1995).

Although City Defendants have been completely dismissed from this lawsuit, certain claims which have been dismissed without prejudice hold City Defendants at a legal stand-still unable to secure a final appealable order. Furthermore, there is a still a live co-defendant in this case who was not subject to the court's order of dismissal and deadlines under the current scheduling order continue to run for that defendant and Plaintiffs.

City Defendant's understand that there is a pending request before the court to amend the pleadings, but that request is not an obstacle to severance. Severance is proper in this case as City Defendants are prejudiced by being in the same lawsuit as live Defendant Mata, whose factual and legal position is adverse to the City Defendants. The alleged acts of Defendant Mata if taken as true would not fall within the course and scope of employment. As such, the forced

inclusion of City Defendants in the same lawsuit would confuse the jury and prejudice City Defendants.

Additionally, the passing of deadlines and necessity for live parties in this case to engage in the discovery process, while City Defendants await a ruling on the Plaintiffs' Motion for leave to re-plead and to bring City Defendants back into the lawsuit, prejudice the City Defendants. The unique nature of this situation, where City Defendants are technically dismissed but remain on stand-by subject to the court's decision on Plaintiffs' latest motion, make it unduly burdensome for City Defendants should they be interjected back into the same lawsuit.

For this reason, Severance is appropriate in this case regardless of how the court rules on Plaintiffs' Motion for leave to re-plead. Should this court deny Plaintiffs Motion for leave, severance is appropriate in order for City Defendants to secure a final appealable order. In the unlikely event that this court should grant Plaintiffs' Motion for leave, severance is appropriate as City Defendants continued presence in this lawsuit is prejudicial. For the foregoing reasons, it is in the interest of justice that the court grant City Defendants motion to sever all City Defendants from the instant lawsuit.

## CERTIFICATE OF CONFERENCE

Undersigned counsel has conferred with other counsel in this case regarding the content of this motion. Plaintiffs' counsel advises that he is opposed. Counsel for Defendant Mata advises that he is not opposed.

## CONCLUSION AND PRAYER

THEREFORE, based on the foregoing reasons, DEFENDANTS CITY OF PHARR, TEXAS, the PHARR POLICE DEPARTMENT, and PHARR POLICE CHIEF RUBEN VILLESCAS, Individually and Officially, respectfully request that the Court grant City Defendants' Motion for Severance pursuant to FRCP 21.

DEFENDANTS further request such other and further relief to which they may show themselves to be justly entitled, at law and in equity.

SIGNED on the 26th day of NOVEMBER, 2014.

Respectfully submitted,

**DENTON, NAVARRO, ROCHA, BERNAL HYDE & ZECH**
**A Professional Corporation**
701 E. Harrison, Ste. 100
Harlingen, Texas 78550
956/421-4904
956/421-3621 (fax)

By: *Ricardo J. Navarro*
RICARDO J. NAVARRO
Attorney In Charge
State Bar No. 14829100
Fed I.D. No. 5953

By: *John Michael Hayward*
JOHN-MICHAEL HAYWARD
Of Counsel
State Bar No. 24087693
Fed I.D. No. 2338770

**COUNSEL FOR CITY DEFENDANTS**
**CITY OF PHARR, TEXAS, THE**
**PHARR POLICE DEPARTMENT**
**AND POLICE CHIEF RUBEN VILLESCAS**
**OFFICIALLY AND INDIVIDUALLY**

## CERTIFICATE OF SERVICE

I certify that a true copy of this document has been served in accordance with one or more of the authorized methods for service of process contained in the Federal Rules of Civil Procedure on the persons or parties identified below on the 26th day of NOVEMBER, 2014.

Mr. Richard Alamia
Attorney At Law
113 S. 10th Ave.
Edinburg, Texas 78539
**COUNSEL FOR PLAINTIFF**

Mr. Arnold Aguilar
AGUILAR & ZABARTE, LLC
990 Marine Drive
Brownsville, Texas 78520
**COUNSEL FOR DEFENDANT ERASMO MATA**

By: *Ricardo J. Navarro*
RICARDO J. NAVARRO
JOHN-MICHAEL HAYWARD